Rafael Nicot, demandante y apelante, v. La Comisión de Indemnizaciones a Obreros, demandada y apelada.

No. 3741.—*Visto:* Mayo 20, 1926. *Resuelto:* Julio 20, 1926.

Patrono y Empleado—Ley de Indemnizaciones por Accidentes del Trabajo—Naturaleza y Fundamentos de la Responsabilidad del Patrono—Renuncia a la Ley de Indemnizaciones—Renuncia por Transacción Entre el Patrono y Obrero—Efecto de la Transacción.—La Comisión de Indemnizaciones a Obreros sólo queda impedida de actuar por la transacción que pueda realizar el obrero con su patrono cuando las lesiones sufridas por aquél hubieren sido causadas por el acto ilegal o negligencia criminal del patrono.

Sentencia de *R. Díaz Cintrón,* J. (Ponce), desestimando el recurso de *certiorari* interpuesto y anulando el auto expedido, sin costas. *Confirmada.*

*Leopoldo Tormes,* abogado del apelante; *Hon. Attorney General George C. Butte, C. Llauger Díaz* y *Emilio Aldrey,* abogados de la apelada.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

Esta es una apelación contra una sentencia de la corte inferior que rehusó revisar cierta resolución de la Comisión de Indemnizaciones a Obreros por la que concedía una compensación de $500 al obrero Ramón Rivera a consecuencia de una lesión de carácter permanente que recibió mientras trabajaba al servicio de su patrono Rafael Nicot.

Ramón Rivera al cortar una mata de guineo se le vino encima y con el peso de la misma se le corrió el machete que sostenía en la mano derecha y se produjo una herida que le interesó los tendones flexores de los dedos medio, anular e índice. El obrero dirigió una solicitud a la Comisión para ser indemnizado pero mientras se le daba curso a su reclamación presentó un escrito pidiendo que se sobreseyera el procedimiento, fundándose en que su caso no está cubierto por la Ley sobre indemnizaciones a obreros y por haber recibido todo lo necesario de su patrono durante toda su enfermedad, reservándose, sin embargo, su derecho para ejercitarlo ante la corte competente. En la misma fecha en que

aparece autorizado el escrito, el obrero autorizó un documento de transacción en donde en consideración a la suma de $42.50 que recibía, a los gastos hechos por el patrono en su curación y otra suma de $43.50 que había recibido, renunciaba en absoluto a toda ley que pudiera favorecerle, reconociendo que las sumas recibidas compensaban satisfactoriamente las pérdidas sufridas en virtud del accidente ocurrido.

La Comisión en mayo 20, 1924, celebró una vista del caso con asistencia de los abogados de las partes y después de haber examinado los testigos que intervinieron en la transacción, incluso al notario autorizante, dictó la siguiente resolución:

"El caso de Ramón Rivera, 19244 (pp), es traído a estudio y consideración de la Comisión, la que, por los fundamentos consignados en la resolución acuerda declarar que se trata de un caso de incapacidad parcial permanente y conceder al obrero lesionado, en adición a los jornales perdidos a que tenga derecho, una indemnización de quinientos (500) dólares. Liquídese el caso; páguense las cuentas razonables y comuníquese a las partes y al Auditor.—El Secretario Administrativo hará los libramientos de pago correspondientes."

Y los fundamentos indicados dicen así:

"El patrono en este caso no tenía asegurados los obreros de acuerdo con la ley a la fecha del accidente. Siendo el patrono responsable de la indemnización y gastos del caso de acuerdo con la Ley, se le dió oportunidad de comparecer ante la Comisión en una vista pública, verificándose dicha vista en Ponce el día 20 de Noviembre de 1924, prestando las partes y sus respectivos testigos las declaraciones que se unen al expediente de este caso. La actitud del patrono asumiendo su carácter de tal corrobora las declaraciones prestadas en la referida vista. El patrono en este caso entró en una transacción con el obrero, dándole a éste $42.50 como indemnización por la lesión sufrida, más $35.00 de dietas. El obrero declaró, sin embargo, que si aceptó la referida transacción fué porque creía que de la Comisión no hubiera podido obtener mayor cantidad de dinero por la incapacidad a que ha quedado afecto a consecuencia del accidente. El obrero, por tanto, no conocía bien su derecho, no sabía la cantidad de dinero que, teniendo en cuenta la incapacidad

que le ha resultado a causa del accidente, le correspondía de acuerdo con la Ley. En consecuencia, creemos que a pesar de la transacción verificada la Comisión debe resolver este caso indemnizando al obrero de acuerdo con la Ley. De la indemnización concedida al obrero en este caso debe rebajarse, desde luego, lo que recibió de su patrono por concepto de indemnización y de dietas.—Por tanto, teniendo en cuenta las circuntancias del caso, cuales son la edad del obrero (24 años), el jornal que ganaba (55¢ diarios) y la incapacidad parcial permanente a que queda afecto, acordamos conceder y por la presente le concedemos una indemnización de $500.00, en adición a sus jornales perdidos.—El Secretario-Administrativo queda autorizado para hacer los libramientos de pago correspondientes.—No estando Rafael Nicot asegurado al Fondo de Indemnizaciones a Obreros para la fecha del accidente, se acuerda requerir, y por la presente se requiere, al Hon. Tesorero de Puerto Rico para que proceda al cobro de dicho patrono de la indemnización concedida en este caso, más los gastos del mismo, de acuerdo con el Artículo 20 de la Ley de Indemnizaciones por Accidentes del Trabajo.—Comuníquese a las partes. . . . .''

El apelante alega, en síntesis, que la corte inferior cometió error al considerar que la Comisión de Indemnizaciones a Obreros puede actuar sobre un caso en el que el propio interesado desiste de su reclamación por haber sido compensado por su patrono, interviniendo dicho organismo en esa forma en la libre contratación entre ciudadanos, y violándose con ello la Ley Orgánica y la Constitución de los Estados Unidos.

El artículo 21 de la Ley No. 10 de Indemnizaciones a Obreros, aprobada en 25 de febrero, 1918, prescribe:

''Art. 21.—Nada de lo contenido en esta Ley se interpretará en el sentido de privar al obrero lesionado, o a sus herederos de acuerdo con esta Ley, en caso de muerte, de la renuncia de las disposiciones de esta Ley, en cualquier tiempo antes de recibir compensación en virtud de la misma, y a reclamar y obtener daños y perjuicios de su patrono, de acuerdo con las disposiciones de ley antes de entrar ésta en vigor, cuando las lesiones sufridas por dicho obrero hubieren sido causadas por acto ilegal o negligencia criminal de su patrono (*wilful misconduct*); *Disponiéndose,* que solamente en ese caso de renuncia, tendrá el obrero comprendido en esta Ley, o sus herederos de acuerdo

con la misma, derecho a ejercitar la acción de daños y perjuicios contra el patrono."

Esta última disposición parece indicar el único caso en que el obrero lesionado o sus herederos pueden ejercitar la acción de daños y perjuicios contra el patrono, o sea, cuando las lesiones sufridas por dicho obrero hubiesen sido causadas por el acto ilegal o negligencia criminal de un patrono. En tal sentido la transacción que celebre un patrono con el obrero sólo es obligatoria entre ellos y se limita a la acción que bajo tal artículo hubiera tenido el obrero para acudir a las cortes. Por sus palabras la renuncia no puede tener otro alcance. De otro modo la transacción en nada obliga a la Comisión de Indemnizaciones a Obreros, quien dentro de las circunstancias concurrentes en este caso tiene jurisdicción exclusiva para oir y resolver el caso en la forma que lo hizo.

Por todo lo expuesto, *debe confirmarse la sentencia apelada.*